**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CLARENCE EDWARD LANCASTER,

Plaintiff-Appellant,

v.

MIKE McEUEN; et al.,

Defendants-Appellees.

No. 16-15815

D.C. No. 4:14-cv-01994-RM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Clarence Edward Lancaster appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging due process violations arising out

of his pretrial detention at Graham County Jail in Arizona. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a district court's summary judgment

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

on the basis of failure to exhaust administrative remedies. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment on Lancaster's due process claim because Lancaster failed to raise a genuine dispute of material fact as to whether he properly exhausted his administrative remedies or whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (emphasis, citation, and internal quotation marks omitted)); *Paramo*, 775 F.3d at 1191 (a prisoner who does not exhaust administrative remedies must show that "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him . . . ."); *see also Sapp v. Kimbrell*, 623 F.3d 813, 827 (9th Cir. 2010) (prisoner must have "reasonable good faith belief that administrative remedies were effectively unavailable . . . .").

We reject as without merit Lancaster's contention that Graver is estopped from asserting non-exhaustion of administrative remedies as a defense.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

16-15815

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**